CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
10/31/2017
JULIA C. DUDLEY, CLERK
BY: s/ JODY TURNER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| WILLIAM TODD COOPER, | ) |
| Plaintiff, | ) Civil Action No. 5:17-cv-00079 |
| v. | ) |
| | ) By: Hon. Michael F. Urbanski |
| RAPPAHANNOCK SHENANDOAH WARREN REGIONAL JAIL AUTHORITY, | ) Chief United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on defendant's Motion to Dismiss, ECF No. 4, in which defendant asks the court to dismiss plaintiff's Complaint (the "Complaint" or "Compl."), ECF No. 1, for lack of subject matter jurisdiction, and plaintiff's Motion for Leave to File EEOC Documents to Support Opposition to Motion to Dismiss, ECF No. 17, in which plaintiff asks the court to consider supplemental Equal Employment Opportunity Commission ("EEOC") documents when adjudicating the motion to dismiss. For the reasons set forth below, the court will **DENY** the motion to dismiss and **DENY AS MOOT** the motion to supplement.

### I. Factual Background

Plaintiff William Todd Cooper ("Cooper") filed the present lawsuit against defendant Rappahannock Shenandoah Warren Regional Jail Authority ("RSW") for discrimination under the Americans with Disabilities Act (the "ADA"). Cooper contends that RSW

improperly denied his application for a custodial officer position because it regarded him as having a disability when, in fact, he did not have a limiting disability.

On January 13, 2014, Cooper applied for a jail custodial officer position with RSW.[1] On March 20, 2014, Deputy Superintendant Russ Kirkinson ("Kirkinson") told Cooper that when Cooper first applied, Kirkinson thought Cooper would be one person he would hire for the position, but he would not hire him because he only had one eye. Kirkinson suggested that Cooper apply for a janitorial position, walked Cooper to the secretary, and told the secretary to change his application to janitor.

On April 2, 2014, RSW's chief financial personnel officer asked Cooper what Kirkinson had told him. On April 7, 2014, the hiring sergeant asked Cooper to undergo a background check. The next day, Cooper was asked to take a full physical with Dr. Kevin Culbert, RSW's occupational health consultant.

On April 8, 2014, after a five-minute meeting with Cooper, Dr. Culbert opined that Cooper was "not likely" to meet the physical requirements of the job. The examination consisted of Dr. Culbert holding up a finger in Cooper's peripheral vision. Despite Cooper reporting he could see Dr. Culbert wiggling his finger, Dr. Culbert said he did not believe Cooper and drew his negative conclusion without conducting any further examination. Dr. Culbert told Cooper if he did not agree, he should see an ophthalmologist.

On April 11, 2014, RSW conditionally offered Cooper a position contingent upon passing a medical examination by a licensed ophthalmologist. RSW paid for Cooper to visit Dr. Anthony Viti, a licensed ophthalmologist. Dr. Viti concluded that Cooper's visual field

---

[1] All facts herein are taken from the Complaint and the EEOC Charge. On a motion to dismiss, the court takes as true all allegations. See Cooper v. Pate, 378 U.S. 546, 546 (1964) (per curiam).

2

was full both to confrontation and formal visual fields and that he saw the nasal and temporal side of the world. Dr. Viti found that Cooper was fully able to obtain an unrestricted driver's license. The only recommendation he made was that Cooper wear safety glasses as a preventative measure.

Cooper was also examined by Dr. Sona Kalara and Dr. Frank Rueling, both of whom were licensed ophthalmologists. Dr. Kalara opined that she had full confidence that Cooper's peripheral vision was sufficient for any task that he would encounter. Dr. Rueling opined that Cooper had excellent vision without anomalies and met the requirements to legally operate a motor vehicle, the standard most often used to evaluate visual functionality.

On June 10, 2014, RSW's occupational health doctor rescinded the offer of employment, stating that "[p]reviously submitted statements by optometrist and ophthalmologist should be disregarded." RSW concluded that Cooper was medically unqualified because "[m]onocular vision is a disqualifying condition" for a corrections officer according to the American College of Occupational and Environmental Medicine's Guidance for the Medical Evaluation of Law Enforcement Officers.

On April 23, 2014, Cooper filed a Charge of Discrimination with the EEOC (the "EEOC Charge"), ECF No. 5 Ex. A, which read in full:

> On January 13, 2014, I applied for the position of Jail Custodian Officer with the RSW Regional Jail.
>
> On March 20, 2014, I was informed by Russ Kirkison [sic], Deputy Superintendant, that I did not qualify for the Jail Custodian Officer position because of my impairment. After I contacted the County Building about my situation, on April 7, 2014, Investigating Hiring Sergeant, Chris Williams, asked me to come in to sign the documents for my background check. On April 8, 2014, while I was doing the physical exam, I was failed by the RSW Regional Jail doctor, Kevin Culbert. On April 9, 2014, I was examined by a

3

specialized physician. On April 10, 2014, I submitted to RSW Regional Jail the documents I was provided by the specialized physician which indicated that my impairment would not impede any task that I may encounter. I am aware that the School for Jail Custodian Officer started on April 21, 2014.

I believe I have been discriminated against based on my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

EEOC Charge, at 1.

The EEOC issued a determination on the EEOC Charge on February 28, 2017. Subsequently, the EEOC issued a right-to-sue notice on May 9, 2017, and Cooper filed his Complaint on August 7, 2017.

## II. Legal Standards

RSW moves to dismiss the Complaint for lack of subject matter jurisdiction. A Rule 12(b)(1) motion challenges that court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). A federal court's jurisdiction is confined to the cases that, within the bounds of the Constitution, Congress has allowed the court to hear. See Bowles v. Russell, 551 U.S. 205, 212 (2007). If a federal court determines it lacks subject matter jurisdiction over a complaint, "the action must be dismissed." Vuyyuru, 555 F.3d at 347. In cases originating in federal court, a plaintiff bears the burden of establishing jurisdiction. See Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010).

Challenges to subject matter jurisdiction take two forms: facial and factual attacks. 2 Moore's Federal Practice ¶ 12.30[4]; see also Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). A facial attack challenges the sufficiency of a complaint's jurisdictional allegations.

Kerns, 585, F.3d at 192. By contrast, a factual attack "challenges the factual predicate of subject matter jurisdiction." Id. In adjudicating a factual attack, "'[a] trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations,' without converting the motion to a summary judgment proceeding." Id. (alteration in original) (emphasis omitted) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). The court then may resolve disputed issues of fact underpinning the exercise of subject matter jurisdiction. Id.

### III. ADA Employment Claim Requirements

The ADA requires a plaintiff to "exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 593 (4th Cir. 2012). This requirement is jurisdictional: A court cannot exercise subject matter jurisdiction if a plaintiff failed to exhaust his administrative remedies by filing an EEOC charge. See Kerney v. Mountain States Health All., 894 F. Supp. 2d 776, 780 (W.D. Va. 2012).

The scope of a plaintiff's right to file a federal lawsuit is circumscribed by the EEOC charge's contents. See Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). A court "may look only to the charge filed" with the EEOC. Balas, 711 F.3d at 408. A plaintiff may only properly maintain "discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

Nonetheless, since EEOC charges are often completed by persons other than lawyers, they "must be construed with utmost liberality." Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll., 848 F.2d 457, 460 (4th Cir. 1988) (internal citations omitted). "[S]o long as 'a plaintiff's claims in [his] judicial complaint are reasonably related to [his] EEOC charge and can be expected to follow from a reasonable administrative investigation,'" he "'may advance such claims in [his] subsequent civil suit.'" Sydnor, 681 F.3d at 594 (quoting Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000)).

The ADA, as amended by the ADA Amendments Act of 2008 (the "ADAAA"), defines "disability" using a three-pronged approach: (1) with an "actual" disability, an individual has "a physical or mental impairment that substantially limits one or more major life activities" of the individual; (2) with a "record" disability, an individual has "a record of such an impairment"; and (3) with a "regarded as" disability, an individual is "regarded as having such an impairment." 42 U.S.C. § 12102(1). An individual is considered disabled under the ADA if any of the three prongs are satisfied.

Prior to the ADAAA, the Supreme Court determined that "a person is 'regarded as' disabled within the meaning of the ADA if a covered entity mistakenly believes that the person's actual nonlimiting impairment substantially limits one or more major life activities." Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 521–22 (1999). The Fourth Circuit, quoting Murphy's predecessor, Sutton v. United Air Lines, Inc., held that "[o]ne may be 'regarded as' disabled under the ADA if either '(1) a covered entity mistakenly believes that [one] has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially

6

limits one or more major life activities.'" Haulbrook v. Michelin N. Am., Inc., 252 F.3d 696, 703 (4th Cir. 2001) (second alteration in original) (quoting Sutton, 527 U.S. 471, 489 (1999)).

In the ADAAA, Congress expanded the ADA's definition of "regarded as" so "that an employee can suffer prohibited discrimination 'because of a . . . perceived . . . impairment whether or not the impairment limits or is perceived to limit a major life activity." Harris v. Reston Hosp. Ctr., LLC, No. 1:10-cv-1431, 2012 WL 1080990, at *5 (E.D. Va. Mar. 26, 2012) (alterations in original) (citing 42 U.S.C. § 12102(3)(A)). The amendment does add the caveat "that the 'regarded as' definition of disability 'shall not apply to impairments that are transitory and minor.'" Id. Nonetheless, Congress did not change the fact that a "regarded as" impairment can be either "actual or perceived." Id.

Applying the ADAAA expansion of "regarded as" disabilities to Haulbrook, an individual is "regarded as" disabled under the ADA if (1) a covered entity mistakenly believes that the individual has a physical impairment that it not transitory or minor, or (2) a covered entity mistaken believes that an actual, nonlimiting impairment, such as a transitory or minor impairment, is limiting. See Haulbrook, 252 F.3d at 703; 42 U.S.C. § 12102(3)(A). Under either prong, the magnitude of the perceived disability is irrelevant, as long as the perceived disability is not transitory or minor. See Mercado v. Puerto Rico, 814 F.3d 581, 588 (1st Cir. 2016) (A plaintiff "need plead and prove only that the defendants regarded her as having a physical or mental impairment, no matter the defendants' view of the magnitude of the effect of the perceived impairment on [the plaintiff's] life activities."); Cash v. Magic City Motor Corp., No. 7:16-CV-00192, 2017 WL 281755, at *4 (W.D. Va. Jan. 20, 2017) (adopting and applying Mercado).

7

## IV. The EEOC Charge Pled "Regarded As" Discrimination

With the modified Haulbrook standard in mind, the court has no difficulty concluding that Cooper pled "regarded as" discrimination in the EEOC Charge. First, the EEOC Charge pled that Cooper has an actual impairment. Second, the EEOC Charge pled that Cooper's impairment "would not impede any task that [he] may encounter"—that is, his impairment was actual but nonlimiting. Third, the EEOC Charge pled that RSW nonetheless did not hire him because it believed him to be disabled.

The EEOC Charge's pleading fits neatly within the Haulbrook framework, as modified by the ADAAA. From a reasonable reading of the EEOC Charge, the court easily finds that Cooper pled that RSW (a covered entity) mistakenly believed that his monocular vision, an actual, nonlimiting impairment, was in fact a limiting disability. This is all Haulbrook requires to plead a "regarded as" claim.

RSW disagrees, arguing that the EEOC Charge cannot plead a "regarded as" claim since it also pleads that Cooper has an impairment. RSW contends that courts have found that monocular vision is ordinarily a disability under the ADA, although RSW admits that since it is not a per se disability, "the determination must be made on a case by case basis." Def.'s Reply Pl.'s Opp'n Mot. Dismiss, ECF No. 16, at 5. Because the Supreme Court and Fourth Circuit would usually find that monocular vision is a disability, RSW claims that "absent indication in the EEOC [C]harge that inaccurate perceptions and beliefs were at issue," it is not a stretch that "the EEOC and [RSW] reasonably relied upon the Plaintiff's EEOC [C]harge to be asserting an _actual disability_ claim." Id. (emphasis in original).

8

For multiple reasons, RSW is wrong. At the threshold, RSW itself recognizes that, as is relevant to this particular analysis, the court will look "[o]nly to those discrimination claims stated in the initial charge." RSWRJA's Mem. Support Mot. Dismiss, ECF No. 5, at 3 (citing Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005)). It is true that if a "regarded as" claim were not apparent on the face of the EEOC Charge, the court would then determine if a "regarded as" claim were reasonably related to the original complaint or if a reasonable investigation of the EEOC Charge developed a "regarded as" claim. See Evans, 80 F.3d at 963. Perhaps then might the EEOC's and RSW's perception of the EEOC Charge be relevant. But because the court can look within the four corners of the EEOC Charge and find that Cooper properly pled a "regarded as" claim, the subjective views of the EEOC and RSW are not relevant, and the court need not look further.

More importantly, the court finds that the EEOC Charge did properly plead that that RSW mistakenly believed that Cooper was disabled. The EEOC Charge stated that Kirkinson told Cooper that he "did not qualify for the Jail Custodian Officer position because of [his] impairment." EEOC Charge, at 1. This directly implicates RSW's perceptions. The EEOC Charge also pled that RSW did not hire Cooper even though he provided RSW documents "by the specialized physician which indicated that [his] impairment would not impede any task that [he] may encounter." Id. From this second set of facts, the court may reasonably infer that RSW did not hire Cooper because they believed he was disabled. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (allowing courts to make reasonable inferences from pleaded facts).

Nor does RSW's argument that Cooper cannot plead a "regarded as" claim because the EEOC Charge stated he had an impairment hold water. Murphy expressly recognized that an individual can have a nonlimiting impairment and still be subject to "regarded as" discrimination under the ADA. 527 U.S. at 521–22 ("[A] person is 'regarded as' disabled within the meaning of the ADA if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities."); see also Haulbrook, 252 F.3d at 703. Furthermore, even if the EEOC Charge did also plead an actual disability claim, nothing prevents Cooper from pleading actual and "regarded as" claims in the alternative.[2] See Taylor v. Pathmark Stores, Inc., 177 F.3d 180, 189 (3d Cir. 1999) (holding that "[t]he possibility that a plaintiff will bring both an actual disability and a 'regarded as' claim is simply one allowed by law"); Cash, 2017 WL 281755, at *3–5 (analyzing both actual and "regarded as" claims brought by plaintiff). The fact that the EEOC Charge on its face properly pled a "regarded as" claim is sufficient for the court to deny the motion to dismiss.

Because the court holds that the EEOC Charge properly pled a "regarded as" claim, the court need not determine whether (1) a "regarded as" claim was reasonably related to the

---

[2] The court is cognizant that the Eighth Circuit has held that "'actually disabled' and 'regarded as disabled'" are "mutually exclusive." Christensen v. Titan Distrib., Inc., 481 F.3d 1085, 1091 & n.2 (8th Cir. 2007). Even if Christensen were binding on the court, at worst, the court interprets Christensen to hold that a plaintiff may not recover on both actual and "regarded as" disability claims. Christensen does not suggest that a plaintiff may not plead both claims concurrently, and the fact that both the Eighth Circuit and the trial court examined both the actual and "regarded as" disability claims in detail suggests that Eighth Circuit would find that a complaint and an EEOC charge may plead actual and "regarded as" claims concurrently. This is consistent with Federal Rule of Civil Procedure 8, which allows a plaintiff to plead in the alternative, even if the allegations are inconsistent. Fed. R. Civ. P. 8(d)(2)–(3). "As the Supreme Court has made clear, '[d]ocuments filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies.'" Sydnor, 681 F.3d at 594 (alteration in original) (quoting Fed. Express Corp. v. Holowecki, 552 U.S. 389, 406 (2008)). Accordingly, even if actual and "regarded as" disability claims were mutually exclusive, and the court does not hold they are, the court would find no issue with the EEOC Charge pleading both of them in the alternative.

EEOC Charge, or (2) the EEOC's reasonable investigation of the EEOC Charge developed a "regarded as" claim.

## V. Conclusion

Cooper's EEOC Charge plainly put RSW on notice that he was alleging "regarded as" disability. Cooper therefore exhausted his administrative remedies and the court has subject matter jurisdiction over his ADA claims. Accordingly, RSW's Motion to Dismiss, ECF No. 4, will be **DENIED**. Because the court reaches this conclusion on the face of the EEOC Charge alone, Cooper's Motion for Leave to File EEOC Documents to Support Opposition to Motion to Dismiss, ECF No. 17, will be **DENIED AS MOOT**.

Entered: 10-31-2017

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge